## In re CARBURETOR CORPORATION.

### No. 48598.

United States District Court, E. D. New York.

June 16, 1950.

See also 91 F.Supp. 784.

Max Schwartz, Brooklyn, N. Y., for trustee.

Louis P. Rosenberg, Brooklyn, N. Y., for debtor.

GALSTON, District Judge.

This is a motion made pursuant to Title 11 U.S.C.A., sec. 45 sub. b for the transfer to another referee for trial of issues raised in the summary proceeding brought by the trustee in bankruptcy against Engine Air Service, Inc. and its stockholders. In that action an order is sought adjudging that the real and personal property owned by Engine Air Service, Inc., for which the bankrupt agreed to pay $250,000 and defaulted, belong to the trustee in bankruptcy.

The brief on behalf of Engine Air Service, Inc. et al., who make this motion, recites:

"The movants attack not the Referee in charge of the bankruptcy proceeding, but the system of general reference which brings before such referee so many administrative matters of no interest to the movants, at which uncontroverted testimony is given by witnesses, untested by cross-examination, that preconceived beliefs and conclusions are inevitable."

And it is argued that the referee frankly announced his opinions and belief, and that they appear in the record.

The moving papers quote passages from what the referee said during the course of various hearings in this proceeding. From those passages it is sought to draw the inference that the referee has prejudged the issues which are to be determined in the summary proceeding instituted by the trustee in bankruptcy.

During the course of the hearing of the motion counsel in support of the motion voluntarily said: "For the record, I should like here to state what you[1] said about the Referee; I have the same respect for him."

Counsel for the trustee in bankruptcy suggested that the referee be informed of the charges urged against him. That seemed an eminently fair procedure which I accepted. Since then I have received from the referee a letter dated June 8th, which I now make part of the record on this motion, setting forth in considerable detail the nature of the proceedings before him. I have concluded from a reading of those passages, which are quoted in the moving affidavit of Lawrence A. Hauft et al., the stockholders of Engine Air Service, Inc., that when read in context they do not commit the referee to a prejudgment of the issues tendered in the petition of the trustee in bankruptcy. I accept the referee's conclusion:

"I reiterate that I have not made up my mind concerning any matters which are in issue before me and I do not intend to until after a full hearing on all of the pertinent and competent evidence."

Certainly the court would not be justified in transferring the matter to another referee because fault is found with our system of administering a bankrupt estate. If the system is at fault, then it should be corrected not by judicial but Congressional legislation.

In denying the motion I pass the question of whether the bankruptcy court, as the moving parties contend, has no jurisdiction to declare rights and other legal relations with respect to the title to real and personal property adversely held, in a summary proceeding.

Settle order on notice.

1. Referring to the court.